**Bayer v. Bayer**

*Joseph V. Kasper,* for plaintiff.

*Arthur L. Piccone,* for defendant.

*Frank G. Harrison,* for Commonwealth of Pennsylvania, as lien creditor.

BIGELOW, J., February 20, 1974.—The facts of this dispute have been stipulated by counsel for June Bayer, defendant, and the Commonwealth of Pennsylvania, claimant. The only remaining issue is whether the Commonwealth of Pennsylvania is entitled to payment of its claim for $1,033.90 from this amount held by the master in partition after sale by the master of real property owned by Robert Bayer and June Bayer as tenants by the entireties, the lien of the Commonwealth judgment for public assistance support payments having been entered against June Bayer alone (July term 1969, No. 573) on July 24, 1969, the decree in divorce being issued August 1, 1969, execution having issued on the Commonwealth judgment and served on the master in partition as garnishee on March 24, 1971. The divorce decree was recorded in the Office of the Recorder of Deeds of Luzerne County on October 22, 1971, thus subsequent to the divorce, partition sale and confirmation thereof by the court. The stipulation of counsel at the hearing held March 4, 1971, the decree nisi entered March 10, 1971, and the stipulation of counsel filed December 7, 1973, reserved the issue of this decision for the determination of the hearing judge. Briefs were filed by counsel for defendant and the Commonwealth subsequent to last stipulation and the issue is now ready for decision.

The proceeds of the partition were distributed pursuant to confirmation by the court of the sale and pro-

posed distribution on March 10, 1971. It has been agreed, and is stated in the latest stipulation, that distribution to the Department of Public Welfare of the amount of its claim is held in abeyance until the issue of this proceeding is determined and, further, that the amount, if any, not needed to satisfy the Commonwealth lien shall be paid to June Bayer.

The Commonwealth claims it is entitled to the payment of $1,033.90 held by the master either as a lien creditor of June Bayer, by virtue of Section 1, Act of May 17, 1949, P. L. 1394, 68 PS §503, or by virtue of its writ of execution issued on its judgment and served on the master in partition as garnishee. June Bayer maintains that the lien of this judgment is not valid as to her and as to the fund in the master's possession as the divorce decree was not recorded in the recorder of deeds' office until October 22, 1971, two years after the divorce decree was issued and six months after the partition sale was confirmed by the court, and six months after the execution issued against the fund held by the master. Of course, if the lien falls so does the execution. The latter, as such, has not been specifically attacked procedurally and substantively only as related to the lien.

Section 503 of the Act of May 10, 1927, P. L. 884, amended by the Act of 1949, is, in pertinent part, as follows:

"The proceeds of any sale had under the provisions of the act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the parties . . . , and the amount of any liens entered of record against either of such parties, together with interest due and costs taxed thereon, shall be deducted from the share of the party against whom such lien is

filed, and paid by such trustee to the person or persons to whom the same is due and payable: Provided, however, that *no decree of divorce as aforesaid shall be effective to change the existing law relating to liens upon property held by tenants by the entireties*, except a decree of divorce that is valid in this Commonwealth, *and not until the said decree of divorce*, or a certified copy thereof, *shall be recorded in the office of the recorder of deeds of the county where the property is situate*, which decree shall be indexed in the grantor's index against each of the said tenants by the entireties": 68 PS §503. (Italics supplied.)

The clear language of section 501 of the Divorce Law as amended in 1949, 68 PS §501, is that property held by husband and wife as tenants by the entireties shall automatically be held by them as tenants in common after the divorce. There is no requirement that either of the parties to the divorce perform any act to bring about this change in ownership. Section 503 requires that the divorce decree be recorded in the recorder of deeds' office to change "the existing law relating to liens upon property held by tenants by the entireties," and requires indexing in said office in the specified manner.

The law in effect when title was acquired controls this issue and must be strictly construed: Jamieson v. Jamieson, 14 Chester 4. Thus, section 503, as presently written, is the applicable law. The judgment entered against the wife alone ripened into a valid lien against her interest as a tenant in common immediately upon the entry of the divorce decree without the necessity on the creditor's part of recording the divorce decree: Foto Craft Corporation v. Pistone, 59 D. & C. 2d 331, 334 (1972); Weir v. Taylor, 45 D. & C. 2d 197 (1967). See also Wallick v. Wallick, 58 D. & C. 2d 286 (1972). In the present case, it is true as it was

in the Weir case, that one of the parties to the divorce is attempting to benefit from someone's failure to record the divorce decree in the recorder's office and she would attempt to place the burden of this recording on the judgment creditor, a result not approved by the Chester County Court in Weir, supra, at page 203. Defendant relies on a decision of the Montgomery County Court of Common Pleas dated January 9, 1964, Hershey Creamery Company v. Heilman et al., 83 Montg. 144 (1964), which reached a result contrary to that in Weir. The Chester County Court stated its reasons for following Wirtz v. Phillips, 251 F. Supp. 789 (1965), and the Lebanon County Court of Common Pleas observed in Foto Craft, page 334, that there was no obligation on the creditor to record the divorce decree, citing Weir, although in Foto Craft, the judgment creditor did so, certainly a prudent act if not a necessary one. This court concurs with and will follow the reasoning and holding of Weir in deciding the present dispute.

For the above reasons, the court concludes that the lien of the Commonwealth's judgment against June Bayer is valid and will direct payment by the master to the Commonwealth of the amount held by said master in satisfaction thereof.

### FINAL DECREE

The master in partition is directed to pay to the Commonwealth of Pennsylvania the entire sum of $1,033.90 held by him in full payment and satisfaction of the judgment of the Commonwealth of Pennsylvania v. June Bayer, July term, 1969 no. 573, it having been determined hereinabove that the lien of said judgment is valid against her interest owned as tenant in common and thus against the fund derived from the

sale of said interest in the partitioned real estate sold by the master. As all other objections to the decree nisi have been withdrawn and the sale and distributions have been confirmed, this order is also a final decree and upon said payment to the Commonwealth of Pennsylvania, evidenced by report thereof filed to this proceeding, the master as master and as trustee without bond will be discharged from any further liability and accounting. The prothonotary shall notify counsel for all parties hereto in compliance with Pennsylvania Rule of Civil Procedure 1519(c).